IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MILENE TANNENBAUM,<br>an individual,<br><br>        Plaintiff,<br><br>v.<br><br>1823 CALLOWHILL ASSOCIATES LLC,<br>a Pennsylvania limited liability company,<br><br>        Defendant. | *<br>*<br>*<br>*<br>*  Case No. 25-cv-872<br>*<br>*<br>*<br>*<br>* |

## COMPLAINT

Comes now Plaintiff, MILENE TANNENBAUM ("Plaintiff"), by and through her counsel, and alleges as follows:

## I.
## INTRODUCTION

1. Plaintiff brings this action against Defendant, 1823 CALLOWHILL ASSOCIATES LLC ("Defendant"), alleging violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (FHA), and 42 U.S.C. §§ 3601-3619 with regard to lack of accessibility at The Baldwin (the "Property").

2. Plaintiff seeks monetary, declaratory, and injunctive relief arising from violations of the accessibility requirements of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (FHA), 42 U.S.C. § 3601-3619. This statute requires that certain apartment complexes built for first occupancy after March 13, 1991 be designed and constructed with accessible and usable features for people with disabilities.

3. Plaintiff, MILENE TANNENBAUM, is a handicapped individual that uses a

wheelchair. Plaintiff brings this civil rights action against Defendant for failing to design and/or construct apartments with accessible and usable features for people with disabilities as required by the FHA. Defendant's apartment complex, The Baldwin, which is a multi-family dwelling, has numerous barriers to access. Therefore, Plaintiff seeks a declaration that Defendant's apartment complex violates Federal Law and an injunction requiring Defendant to comply with the requirements of the FHA.

4. The Defendant's violations of the FHA have thwarted Congressional efforts to eradicate housing discrimination against people with disabilities and rendered units and/or facilities unavailable to people with disabilities. Enforcement of the FHA against Defendant is necessary because of the extensive nature of the civil rights violations at apartments designed, constructed and/or owned by Defendant.

## II.
## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § § 3613(a). Plaintiff asserts no state law claims.

6. Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

7. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## III.
## PARTIES

8. Plaintiff, MILENE TANNENBAUM, is and, at all times relevant hereto, was a resident of the Commonwealth of Pennsylvania. Plaintiff is and, at all times relevant hereto, has been legally handicapped and is therefore a member of a protected class under the FHA.

9. Defendant, 1823 CALLOWHILL ASSOCIATES LLC, is a Pennsylvania limited liability company and the owner of the real property and improvements for property municipally known as 1825 Callowhill St, Philadelphia, PA 19130, and further identified by the Philadelphia County Tax Assessor as parcel identification number 885832233 and 882934317 (OPA NO: 88-2934317). Upon information and belief, Defendant is an owner and participated in the design and construction of the Property.

## IV.
## STATUTORY BACKGROUND

A. **The FHA**

10. Congress enacted the FHA design and construction accessibility requirements as part of a comprehensive revision of the FHA to prohibit discrimination on the basis of disability. The debates and legislative history of the FHA reflect Congressional findings that a person using a wheelchair or other mobility aid is just as effectively excluded from the opportunity to live in a particular dwelling by steps or thresholds at building or unit entrances and by too narrow doorways as by a posted sign saying, "No Handicapped People Allowed." In considering the 1988 disability amendments to the FHA, Congress stressed that enforcement of Civil Rights laws is necessary to protect people with disabilities from the "devastating" impact of housing discrimination, including the "architectural barriers" erected by developers who fail to construct dwellings and public accommodations accessible to and useable by people with disabilities. HR. REP. NO. 100-711, at 25(1988), reprinted in 1988 U.S.C.C.A.N. 2173, 2186.

11. In response to Congressional findings, the FHA mandated that every multi-family apartment building containing four (4) or more units and built for first occupancy after March 13, 1991 ("covered multi-family dwellings") be subject to certain design and construction requirements. Congress specifically rejected the approach of requiring only a specific number or percentage of units be fully accessible. Instead, Congress decided that all covered multifamily

dwellings units must comply with the Act's design and construction requirements. All ground floor units must comply with the following requirements, as must all units served by an elevator:

    a. Public-use and common-use areas that are readily accessible to, and usable by, people with disabilities;

    b. Doors into and within covered units that are sufficiently wide to allow passage by people in wheelchairs;

    c. An accessible route into and through the dwelling;

    d. Light switches, electrical outlets, thermostats and other environmental controls in accessible locations;

    e. Reinforcements in bathroom walls that allow for the later installation of grab bars; and,

    f. Usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space.

12. Congress viewed the accessibility requirements imposed by § 3604(f)(3)(C) as "modest." It did not intend to impose "unreasonable requirements" or a "standard of total accessibility," but rather saw the "basic features" required by § 3604(f)(3)(C) as amounting to "minimal standards" that would be "easy to incorporate in housing design and construction." Furthermore, according to the House Report, the § 3604(f)(3)(C) requirements could be met without making new multi-family housing "look unusual" and without "significant additional costs."

13. Pursuant to Congressional authority, the United States Department of Housing and Urban Development ("HUD") promulgated final FHA design and construction regulations in January 1989, see 24 C.F.R § 100.205 (2008), and published the final Fair Housing Act Accessibility Guidelines on March 6, 1991 (hereinafter "FHAAG") which incorporates the requirements of the American National Standards Institute for buildings and facilities providing accessibility and usability for physically handicapped people, A117-I-1986 (hereinafter "ANSI"), see 56 Fed. Reg. 9472 (Mar. 6, 1991), and the Fair Housing Act Design Manual in August 1996,

which was revised in August 1998.

14. Defendant failed to comply with the FHAAG and ANSI in the design and construction of the Property. It also failed to comply with any other recognized objective FHA or ADA standard for accessibility.

15. The FHA expressly provides for private enforcement by an "aggrieved person" defined as a person who claims to have been injured by a discriminatory housing practice or believes that such person will be injured by a discriminatory housing practice. 42 U.S.C. § 3613(i)(1)(A) (private right of action); 42 U.S.C. § 36021. (defining aggrieved person). In fact, the Supreme Court has stated that private enforcement is the primary method of obtaining compliance with the FHA. *Trafficante v. Metropolitan Life Insurance Company*, 409 U.S. 205, 209 (1977).

16. The FHA also provides that a private plaintiff may be awarded actual and punitive damages, as well as a "permanent or temporary injunction, temporary restraining order, or other order (including an order enjoining the defendant from engaging in such practice or ordering such affirmative action as may be appropriate)." 42 U.S.C. § 3613 (c)(1). Thus, under the FHA, the court may order injunctive relief to remediate the discriminatory barriers at the Property.

17. Notably, the Supreme Court has recognized that discrimination violative of the FHA injures not only the members of a protected class, but also other tenants at an apartment complex who are denied the benefits of associating with those persons. *Trafficante*, 409 U.S. at 209-10. Thus, private enforcement benefits not only those against whom discrimination is directed, but the other residents. *Id*. at 211.

V.<br>
<strong><u>FACTUAL BACKGROUND</u></strong>

**A.** <u>**The Property**</u>

18. The Baldwin is an apartment complex located at 1825 Callowhill St (the

"Property"). The Property consists of approximately 57 total units in one building. The apartment complex is served by elevators.

19. The Property described above was designed and constructed for first occupancy after September 2023.

20. The Property contains "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604 (f)(7).

21. The covered multifamily dwellings at the Property are subject to the requirements of 42 U.S.C. § 3604 (f). These include all ground floor units and units served by elevators.

22. Defendant's failure to design and construct the Property in compliance with Section 3604(f)(3)(C) occurred during the design and construction of the Property and continued until all units were leased.

B. **Plaintiff's Investigation.**

23. Plaintiff was researching apartments in the Philadelphia area. Plaintiff visited the Property on or about November 2024 and looked at one or more units. Plaintiff observed that there were accessibility barriers that would interfere with her ability to access and use the facilities. Plaintiff incurred expense in visiting the property.

24. The existence of barriers and the lack of accessible features deterred Plaintiff from renting an apartment at the Property.

25. As a result of Defendant's non-compliance with the FHA, Plaintiff, unlike persons without disabilities, cannot independently use the features of Property.

26. Defendant's apartments lack various mandatory elements required by the FHA to make the apartments accessible and usable for people with disabilities.

27. As a handicapped individual and advocate for the same, Plaintiff is concerned whether apartments are accessible and useable for people with disabilities, including herself.

28.     In addition, the barriers at the Property will interfere with residents associating with disabled persons who encounter the barriers at the Property. Disabled relatives and visitors to tenants will encounter the barriers and be deterred from accessing the Property.

29.     Because the barriers at the Property are structural, it is inevitable that disabled persons visiting the Property will encounter them, thereby causing them the very injuries sought to be prevented by the FHA's design and construction requirements. The barriers at the Property present a continuing and ongoing pattern and practice of discrimination against disabled persons. Such discrimination creates a presumption that injunctive relief to remedy the discrimination is necessary. *United States v. Balistrieri*, 981 F.2d 16, 934 (7th Cir. 1992).

30.     Absent injunctive relief to remedy the barriers, they will exist in perpetuity at the Property.

31.     Without injunctive relief, Plaintiff and others will continue to be unable to fully access and use the Property in violation of her rights under the FHA. Plaintiff expects to return to the Property once it has been remediated.

32.     Plaintiff has been injured by the Defendant's discriminatory practices and failure to design and/or construct apartments that are constructed with accessible and useable features for people with disabilities as required by the FHA. These injuries include experiencing discrimination and being deterred from renting at the Property. These blatant violations effectively communicate that people with disabilities are not welcome in the "Property."

33.     Plaintiff is currently in the market for an apartment in the area of the subject property. Plaintiff intends to return to the subject property and other rental properties nearby to pursue a potential rental of an apartment.

34.     Without injunctive relief, Plaintiff and others will continue to be unable to fully access and use the Property in violation of their rights under the FHA.

C.  **<u>FHA Violations.</u>**

35. The Defendant's violations of 42 U.S.C. § 3604(f)(3)(C) at the Property include, but are not limited to, those outlined below. These allegations represent just some of the evidence of the Defendant's failure to design and construct covered units and the public and common use areas in accord with 42 U.S.C. §3604(f)(3)(C) and are not intended as an exhaustive inventory of such violations. Plaintiff anticipates that an inspection of the Property will identify additional violations.

36. Defendant has failed to design and/or construct public and common-use areas that are readily accessible to and usable by people with disabilities in compliance with 42 U.S.C. § 3604(f)(3)(C)(i) and 24 C.F.R. §100.205(c)(1) (2008). For example:

   a.  The intercom at the main entrance is not located so that the highest operable control is lower than 48" inches above the finished floor, preventing accessibility for individuals with disabilities;

   b.  The tenant mailboxes are not located so that the highest operable parts are lower than 48" inches above the finished floor, making them inaccessible to individuals with disabilities.

37. Defendant has failed to design and/or construct light switches, electrical outlets, thermostats and other environmental controls in accessible locations in compliance with 42 U.S.C. § 3604 (f)(3)(C)(iii)(II) and 24 C.F.R. § 100.205(c)(3)(ii) (2008). For example:

   a.  The unit thermostats are not located so that the highest operable parts are lower than 48" inches above the finished floor, making them inaccessible to individuals with disabilities;

   b.  The circuit breaker panels are not located so that the highest operable breaker is lower than 48" inches above the finished floor, making them inaccessible to individuals with disabilities;

   c.  The outlets in the kitchens are not located so that the highest operable parts are lower than 46" inches above the finished

floor, making them inaccessible to individuals with disabilities.

38. Defendant has failed to design and/or construct accessible routes into and through all units within covered dwellings in compliance with 42 U.S.C. § 3604(f)(3)(C)(iii)(I) and 24 C.F.R. § 100.205(c)(3)(i) (2008). For example:

    a. The approach to the balcony includes a 5-inch step preventing access for individuals with disabilities;

    b. The unit bathrooms do not have accessible thresholds, preventing individuals with disabilities from maneuvering through the space;

    c. The clearance at the refrigerator in the kitchen is only 33 inches, which does not meet the required minimum clearance of 40 inches, preventing maneuverability for individuals using wheelchairs.

39. Further, by failing to provide the accessible and useable features required by 42 U.S.C. § 3604(f)(3)(C) at the Property for people with physical disabilities, including but not limited to those outlined above, Defendant has violated 42 U.S.C. § 3604(f)(2) by discriminating against them in the terms, conditions, or privileges of the rental of dwellings.

## VI.
## CAUSE OF ACTION
### For violation of the FHA, 42 U.S.C. § 3601, et seq.

40. The allegations in the preceding paragraphs are incorporated by reference.

41. The Property contains residential apartment units that are "dwelling[s]" within the meaning of 42 U.S.C. § 3602(b).

42. Plaintiff has standing to sue as an "aggrieved person" as defined in 42 U.S.C. § 3602(i) which includes any person who (1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur.

43. At the Property, all ground-floor units and upper floor units served by elevators not in townhomes are "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604(f)(7)(A), were built for first occupancy after March 13, 1991, and are subject to the design and construction requirements set forth in 42 U.S.C. § 3604(f)(3)(C) of the FHA. The public- and common-use areas of the Property are also subject to the design and construction requirements of 42 USC. § 3604(f)(3)(C).

44. Through the actions and inactions described above, the Defendant has:

   a. discriminated against persons because of their disabilities in the terms, conditions or privileges of rental of a dwelling, or in the provision of services or facilities in connection with the rental of a dwelling, in violation of 42 U.S.C. § 3604(f)(2); and

   b. failed to design and construct dwellings in compliance with the requirements mandated by 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations, 24 C.F.R. Part 100.205 (2008).

45. Defendant's discriminatory conduct has damaged Plaintiff.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of the FHA, described above, and the relevant implementing regulations of the FHA;

b. An injunction, pursuant to 42 U.S.C. § 3613(c)(l)(a), enjoining Defendant, its officers, directors, employees, agents, successors, assigns and all other persons in active concert or participation with any of them, both temporarily during the pendency of this action, and permanently from:

   1. with regard to the Property, failing or refusing to bring the covered dwelling units and the public use and common use areas into compliance

with the requirements of 42 U.S.C. § 3604(f)(3)(C), the Americans with Disabilities Act ("ADA") and the applicable regulations; to comply with such procedures for inspection and certification of the retrofits performed as may be ordered by this Court; and to perform or allow such other acts as may be necessary to effectuate any judgment of this Court against them; failing or refusing to design and construct any covered multifamily dwellings in the future in compliance with 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations; and

2. failing or refusing to design and construct any covered multifamily dwellings in the future in compliance with 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations; and

3. failing or refusing to take such steps as will eliminate, to the fullest extent practicable, the lingering effects of the Defendant's unlawful housing practices.

c. An injunction enjoining Defendant from failing or refusing to permit the survey of any of their covered properties that were designed and/or built by the Defendant and any retrofits ordered by the Court to be made at such property, to also comply with such procedures for inspection and certification of the retrofits performed as may be ordered by this Court, and to perform or allow such other acts as may be necessary to effectuate any judgment against the Defendant;

d. Award such damages as would fully compensate Plaintiff for her injuries incurred as a result of the Defendant's discriminatory housing practices and conduct, pursuant to 42 U.S.C. § 3613(c)(1)(a);

e. Award such punitive damages against Defendant as is proper under law,

pursuant to 42 U.S.C. § 3613(c)(1)(a);

    f.    Payment of costs of suit;

    g.    Payment of reasonable attorneys' fees and expenses, pursuant to 42 U.S.C. § 3613(c)(2), and other principles of law and equity; and

    h.    The provision of whatever other relief the Court deems just, equitable and appropriate.

## VIII.
## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: February 19, 2025.

                      Respectfully Submitted,

                      /s/ Max Petrunya, Esquire

                      Max Petrunya, Esquire
                      PA ID NO: 309122

                      Max Petrunya, P.C.
                      5 Bayard Rd., Unit 917
                      Pittsburgh, PA 15213
                      maxpetrunyapc@gmail.com

                      *Attorney for Plaintiff*

**DEFENDANT TO BE SERVED:**

1823 CALLOWHILL ASSOCIATES LLC
c/o JATINDER PAL CHAWLA
4415 Chestnut St. Suite 202.
Philadelphia, PA 19104